Santana-Lizardo v New York City Tr. Auth. (2020 NY Slip Op 05164)





Santana-Lizardo v New York City Tr. Auth.


2020 NY Slip Op 05164


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 29700/2017 Appeal No. 11860 Case No. 2020-00763 

Before: Friedman, J.P., Mazzarelli, Kern, Kennedy, JJ. 


[*1]Pedro Santana-Lizardo, Plaintiff-Respondent,
v
New York City Transit Authority, et al, Defendants-Appellants.


Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Hallock & Malerba, P.C., Deer Park (Allen Goldberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about November 7, 2019, which denied defendants' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this action for personal injuries arising from a fall on a public bus, defendants established their prima facie entitlement to judgment as a matter of law by showing that their bus driver was presented with an emergency situation that was not of his own making when a vehicle that was double-parked on the right side of the roadway suddenly made a U-turn in front of him, and that he took reasonable and prudent action to avoid a collision (see Cangelosi v New York City Tr. Auth., 161 AD3d 503, 503 [1st Dept 2018]). They also met their initial burden of showing that their bus driver's actions before the accident did not cause or contribute to the emergency, because the bus driver testified at his deposition that he was traveling no more than 15 miles per hour, warned the double-parked car before he attempted to pass by sounding his horn, and had his foot hovering over the brakes when the sedan suddenly made a U-turn in front of his bus when it was approximately five feet away. What is more, the driver had no duty to anticipate that another driver would make a sudden, illegal maneuver (see Ward v Cox, 38 AD3d 313, 314 [1st Dept 2007]).
In opposition, plaintiff failed to submit any evidence tending to show that the driver created the emergency or could have avoided a collision with the car by taking a different action (see Santana v Metropolitan Transp. Co., 170 AD3d 551, 551-552 [1st Dept 2019]). On the contrary, the record shows that the driver was obliged to take immediate action when the car suddenly cut in front of the bus to make a U-turn, and stepping on the brakes to avoid a collision was a reasonable response to a situation not of defendants' own making (see Jones v New York City Tr. Auth., 162 AD3d 476, 477 [1st Dept 2018]; Fay v New York City Tr. Auth., 149 AD3d 593, 594 [1st Dept 2017]).
We have considered plaintiff's additional contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020