Bennett v New York City Tr. Auth. (2023 NY Slip Op 00262)

Bennett v New York City Tr. Auth.

2023 NY Slip Op 00262

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Index No. 152179/20 Appeal No. 17170 Case No. 2022-00135 

[*1]Linda M. Bennett, Plaintiff-Respondent,
v
New York City Transit Authority et al., Defendants-Appellants, Dupree C. Druitt, Defendant-Respondent, John Doe, Defendant. 

Anna J. Ervolina, MTA Law Department, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Mallilo & Grossman, Flushing (Stephen Grossman of counsel), for Linda M. Bennett, respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered January 4, 2022, which denied defendants New York City Transit Authority and Permanand Thirkapersaud's motion for summary judgment dismissing the complaint and cross claims as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that while she was a passenger on a Transit Authority bus, the driver slammed on the brakes, causing the bus to lurch violently forward and backward and throw her to the floor. Defendants established their entitlement to judgment as a matter of law by showing that the emergency doctrine applied in this case (see Rodriguez v New York City Tr. Auth., 172 AD3d 508, 508 [1st Dept 2019]). The evidence that defendants submitted on their motion, including an authenticated video from the bus, shows that the bus driver had to apply the brakes quickly to avoid a collision when a passenger car cut suddenly into the bus lane, just in front of the bus (see Santana-Lizardo v New York City Tr. Auth., 186 AD3d 1176, 1176 [1st Dept 2020]). The evidence also shows that the bus driver did not create the emergency situation and could not have avoided a collision in any way other than quickly applying the brakes (see Mobley v New York City Tr. Auth., 190 AD3d 561, 561-562 [1st Dept 2021]; Redrovan v New York City Tr. Auth., 165 AD3d 465, 465 [1st Dept 2018]).
In opposition, plaintiff failed to raise a triable issue of fact as to defendants' negligence (see Cangelosi v New York City Tr. Auth., 161 AD3d 503, 503 [1st Dept 2018]; Orsos v Hudson Tr. Corp., 111 AD3d 561, 561 [1st Dept 2013]). The video from the bus supports the bus driver's account of the incident, and neither the plaintiff nor the driver of the passenger car contradicted that account. Further, the motion was not premature since, in light of the evidence that defendants submitted on their motion, further discovery could not uncover any relevant evidence concerning whether the bus driver's conduct was reasonable (CPLR 3212[f]; see Castillo v New York City Tr. Auth., 188 AD3d 484, 486 [1st Dept 2020]; Rodriguez, 172 AD3d at 509). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023