Febres v Metropolitan Transp. Auth. (2023 NY Slip Op 05095)

Febres v Metropolitan Transp. Auth.

2023 NY Slip Op 05095

Decided on October 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2023

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

Index No. 28870/17 Appeal No. 737 Case No. 2022-04183 

[*1]Maritza Febres, Plaintiff-Respondent,
v
The Metropolitan Transportation Authority et al., Defendants-Appellants, "John Doe" etc., Defendant.

Anna J. Ervolina, New York City Transit Authority, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Trolman Glaser Corley & Lichtman, P.C., New York (Michael A. Madonna of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about September 8, 2021, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this action for personal injuries arising from a fall on a public bus, defendants established prima facie entitlement to judgment as a matter of law by demonstrating that their bus driver was presented with an emergency situation that was not of his own making when a vehicle abruptly swerved into his lane without signaling, and that he took reasonable action by braking to avoid a collision (see Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]; Castillo v New York City Tr. Auth., 188 AD3d 484, 484-485 [1st Dept 2020]; Santana-Lizardo v New York City Tr. Auth., 186 AD3d 1176, 1176 [1st Dept 2020]).
In opposition, plaintiff failed to submit any evidence tending to show that the bus driver created the emergency or could have avoided a collision by taking a different action other than applying the brakes (see Santana v Metropolitan Transp. Co., 170 AD3d 551, 551-552 [1st Dept 2019]). Plaintiff's claim that an issue of fact is raised by conflicting testimony over whether the driver braked abruptly or gradually is unavailing. The undisputed evidence demonstrates that the driver was required to take immediate action to avoid striking the vehicle and that braking with sufficient force to prevent an accident was a reasonable response to the emergency (see Jones v New York City Tr. Auth., 162 AD3d 476, 477 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2023