**Alba v Port Auth. of N.Y. & N.J.**

2024 NY Slip Op 32353(U)

July 9, 2024

Supreme Court, New York County

Docket Number: Index No.: 158849/2017

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:　　HON. JAMES G. CLYNES　　　　　　　PART　　　　　22M

Justice

-----------------------------------------------------------------------X

PAUL ALBA,

　　　　　　　　　　　　　Plaintiff,

　　　　　　- v -

THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY, NEW JERSEY TRANSIT CORP., JOHN DOE,
JANE DOE

　　　　　　　　　　　　　Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158849/2017 |
| MOTION DATE | 07/11/2023 |
| MOTION SEQ. NO. | 004 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 004) 81, 82, 83, 84, 85, 86, 87, 88, 89, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105

were read on this motion to/for 　　　　　　JUDGMENT - SUMMARY

Upon the foregoing documents, it is ordered that the defendant Port Authority's motion for summary judgment dismissing the complaint pursuant to CPLR 3212 is granted.

In this action, plaintiff Paul Alba ("Alba") seeks recovery for personal injuries allegedly sustained on March 13, 2017, when he disembarked a New Jersey Transit bus upon its arrival at the Port Authority Bus Terminal in New York County. Alba alleges that his injuries are a result of the defendants' negligence. Defendant Port Authority of New York and New Jersey ("Port Authority") now moves for summary judgment pursuant to CPLR 3212 seeking dismissal of the complaint.

## Background and Facts

At approximately 7:30 a.m. on March 13, 2017, Alba boarded defendant New Jersey Transit Corp.'s 164 Express bus in Glen Rock, New Jersey to the Port Authority Bus Terminal (Malysa Affirmation [NYSCEF Doc. No. 82] Ex. C [Alba Deposition Transcript] [NYSCEF Doc. No. 85] at 31:16-25, 32:3-5). At approximately 8:30 a.m., the bus arrived inside Port Authority Level 4 (id. at 4:12-15, 33:15-16). The roadway on which the buses travel in the terminal is adjacent to a narrow, sidewalk-like platform, and there are buses that pass on the left side (Napoli Affirmation NYSCEF Doc. No. 97] Ex. E [Borden Deposition Transcript] [NYSCEF Doc. No. 102] at 27:22-25, 28:2-6, 29:23-25, 30:2-11). The buses gradually move

158849/2017　ALBA, PAUL vs. PORT AUTHORITY OF NEW
Motion No. 004

Page 1 of 4

[* 1]

forward toward the end of the platform to allow the buses behind them to do the same at the discretion of the platform supervisor who directs the buses (*id.* at 24: 22-25, 25:2-11, 14-25). The drop-off area is described as "a sidewalk that's got a series of stairs or escalators on the right side" (Alba Tr., 34:1-2). The platform supervisor is a New Jersey Transit employee and no employee of the Port Authority is involved in the process of queuing buses at the platform [Borden Tr. 26:11-22).

Alba testified that after he descended the three to four stairs of the bus to exit, he "stepped off the bus, and the next thing [he] knew, [his] left foot was caught between the roadway and curb and the bus step" (Alba Tr. 37:22-24, 38:7-11). He testified that his left foot flatly went in between the gap between the bus and the curb, and his right foot stepped forward onto the sidewalk (*id.* at 92: 1-25, 93:1). When he "tried to pull it out, [he] fell forward and turned and hit into the low wall of the escalator" (*id.* at 38:11-13). He further stated that he "stepped out of the bus thinking [he] was on the sidewalk", and that the cause of the misstep was "the distance between the bus and the curb" which was "between eight to ten inches" (*id.* at 39:3-4, 13-15; 41:21-23). He testified that nothing prevented him from waiting until he could see the curb outside before stepping down, nor did he recall using the handrail to assist him as he was exiting (*id.* at 48:5-17). Additionally, he testified that "the sidewalk wasn't there when [he] stepped off the bus" and that he did not see it prior to stepping off the bus (*id.* at 88:17-21, 89:1-3).

No one in front of plaintiff had difficulty exiting the bus, nor did he hear anyone complain about the distance between the curb and bus prior to his fall (*id.* at 42:20-25, 43:1). Alba also testified that he was familiar with the drop-off area at Port Authority, as he has had the same commute since 2012 (*id.* at 34:12-13). Alba could not distinguish the distance between the bus and the curb on the date of the incident from other times he traveled to Port Authority and did not have any difficulty exiting a New Jersey Transit bus onto the curb (*id.* at 44:22-25; 45:1-5).

A General Maintenance Supervisor for the Port Authority, Donald Suarez, testified that he is in charge of "the whole building for the structural aspect" of the Port Authority Bus Terminal, meaning "anything having to do with the structural integrity of the building", including areas where passengers are dropped off and picked up by buses (Napoli Aff. Ex. D [Suarez Deposition Transcript] [NYSCEF Doc. No. 101] 6:5-21, 7:2-8, 9:14-19). Although he

158849/2017 ALBA, PAUL vs. PORT AUTHORITY OF NEW
Motion No. 004

Page 2 of 4

2 of 4

[* 2]

did not hold that position at the time of the incident, Suarez testified that his duties involve "ensur[ing]] that the staff and supervisors, specifically a structural specialist, inspect the areas in the terminals", including "where the passengers would embark from a bus and step on a sidewalk or step on a roadway" (*id.* at 8:4-11, 9:4-6, 20-24, 10:5-9).

## Discussion

New York courts have long held that "... New York landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition". *Jane Doe v Turnmill LLC*, 193 AD3d 618, 618, (1st Dept 2021) *quoting Maheshwari v City of New York*, 2 NY3d 288, 294 ([2004])[additional citations omitted]. "Where ... liability is premised upon a dangerous premises condition, a defendant may be held liable only when it either created the dangerous condition or failed to remedy it despite having actual or constructive notice thereof." *Coon v WFP Tower B Co. L.P.*, 220 AD3d 407, 408 (1st Dept 2023) (internal citations omitted); *Davis v Brookfield Props. Mgt., LLC*, 220 AD3d 527 (1st Dept 2023); *Santana-Lizardo v New York City Tr. Auth.*, 186 A.D.3d 1176 (1st Dept 2020)). "To constitute constructive notice, a defect must be visible, apparent, and exist for a sufficient length of time prior to an accident to permit the owner or its agents to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 (1986).

The moving party's failure to make a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). If the moving party meets its prima facie burden, the burden shifts to the non-moving party to furnish evidence in admissible form sufficient to raise a material issue of fact (*id.*).

Here, the Port Authority has established through the deposition testimony of plaintiff and other witnesses that it did not cause or contribute to the allegedly dangerous condition – which plaintiff has identified only as the allegedly excessive distance between the bus and the curb. While a common carrier is obligated to provide its passengers with a safe place to disembark, *Bruno v Port Auth. of N.Y. & N.J.*, 157 AD3d 444 (1st Dept 2018), the record demonstrates that the Port Authority was not responsible for regulating the buses' stopping distance from the curb. Rather, as noted above, the maintenance supervisor's testimony establishes that it was only responsible for remedying structural defects in the drop off area. Plaintiff does not allege that there were any physical defects in the curb or surrounding area. *Compare, Bruno v Port Auth. of*

**158849/2017  ALBA, PAUL vs. PORT AUTHORITY OF NEW**
**Motion No. 004**

Page 3 of 4

3 of 4

[* 3]

*N.Y. & N.J.*, 2016 NY Slip Op 30721\*3 (Sup Ct, NY County 2016) (question of fact as to whether Port Authority sufficiently repaired hole in sidewalk that caused passenger to fall). Accordingly, plaintiff's argument that the accident was attributable to defendant's failure to inspect is without merit.

Accordingly, it is hereby

ORDERED that defendant Port Authority of New York and New Jersey's motion for summary judgment pursuant to CPLR 3212 is granted, and the complaint is severed and dismissed as against that party; and it is further

ORDERED that within 30 days of entry, defendant Port Authority shall serve a copy of this Decision and Order upon the other parties with Notice of Entry, and it further

ORDERED that the remainder of the action shall continue; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/9/2024 | | JAMES G. CLYNES, J.S.C. |
| DATE | | |

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |

APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |

CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

158849/2017   ALBA, PAUL vs. PORT AUTHORITY OF NEW
Motion No. 004

Page 4 of 4

[\* 4]