Gantt v City of New York

2026 NY Slip Op 03266

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Thomas Gantt, Plaintiff-Respondent,

v

The City of New York et al., Defendants-Appellants, Noel A. Torres, et al., Defendants-Respondents.

The New York City Transit Authority, Third-Party Plaintiff-Appellant,

Joshua D. Auebach, M.D., Third-Party Defendant. [And Other Actions]

Decided and Entered: May 26, 2026

Index No. 29299/17 21039/18 22560/18 22756/18 23552/18 23528/18 25474/18 25538/18 25770/18 28103/18 42212/19 30693/18|Appeal No. 6729|Case No. 2025-02973|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Anna J. Ervolina, MTA Law Department, Brooklyn (Theresa A. Frame of counsel), for appellants.

Penino & Moynihan LLP, White Plains (Nicole M. Massi of counsel), for Noel A. Torres, DMP Leasing Corp. and Colgate Scaffolding, respondents.

[*1]

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about April 18, 2025, which, to the extent appealed from as limited by the briefs, denied the motions in each of the consolidated actions of defendants Metropolitan Transit Authority, New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, MTA Bus Company, and Nidla Lont (together, bus defendants) for summary judgment dismissing the complaints and cross-claims asserted against them, and granted the motions of defendants Noel A. Torres, DMP Leasing Corp. and Colgate Scaffolding (together, truck defendants) for summary judgment dismissing the complaints and cross-claims asserted against them, unanimously modified, on the law, without costs, to the extent of denying truck defendants' motions and remanding the matter to determine the issue of whether each of the plaintiffs established a serious injury within the meaning of Insurance Law § 5102(d), and otherwise affirmed, without costs.

While it is undisputed that bus defendants violated Vehicle and Traffic Law § 1126(a) by crossing a double yellow line when attempting to pass the truck while it was engaged in a parking maneuver, issues of fact exist as to whether truck defendants were also negligent (see Caparitia v Johnson, 216 AD3d 529, 529 [1st Dept 2023]). The record does not establish that the truck was stationary when the bus began passing it. Rather, defendant Noel Torres, the truck driver, who was making a second attempt at parallel parking the truck, testified that he was moving the truck forward when the accident happened, and a jury viewing the dashcam footage from the bus could conclude the same (see Richards v Walls, 238 AD3d 524, 525 [1st Dept 2025]).

Similarly, bus defendants failed to demonstrate their entitlement to summary judgment. While they established the truck's violation of Vehicle and Traffic Law § 1128(a) by showing that the truck was not positioned entirely within a single lane (see Flores v City of New York, 66 AD3d 599, 599 [1st Dept 2009]), issues of fact exist as to their negligence. Defendant bus driver admitted that she could have stopped the bus behind the truck (cf. Santana-Lizardo v New York City Tr. Auth., 186 AD3d 1176, 1176 [1st Dept 2020]), so a jury could infer that her decision to pass the truck by crossing the double yellow lines contributed to the happening of the accident.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026